UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TYRONE ANDERSON** | **CIVIL ACTION NO:** _____ |
| **VERSUS** | **JUDGE** _____ |
| **HDZ TRANSPORT, LLC, COMMERICAL ALLIANCE INSURANCE COMPANY, ALFREDO DIAZ, TCB BROKERAGE, INC., PROGRESSIVE EXPRESS INSURANCE COMPANY AND JERAHMEL WALKER** | **MAGISTRATE** _____ |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Complainant**, TYRONE ANDERSON,** a person of the full age of majority and resident of Fort Pierce, St. Lucie County, Florida, and who aver as follows:

1.

This Court has original jurisdiction in the above captioned matter pursuant to 28 U.S.C.A. § 1332, Diversity of Citizenship.

2.

Made Defendants herein are:

A.) **HDZ TRANSPORT, LLC ("HDZ")**, a foreign corporation authorized to do and doing business within the State of Louisiana, having its principal place of business at 629 Angela Drive, Laredo, Texas 78046, and as such, is within the jurisdiction of this Honorable Court and who may be served through its registered agent, Raymond Hernandez, 629 Angela Drive, Laredo, Texas 78046;

B.)     **COMMERCIAL ALLIANCE INSURANCE COMPANY ("CAIC"),** a foreign insurance company authorized to do and doing business with drivers who routinely travel Louisiana highways, with its principal place of business at 415 Lockhaven Drive, Houston, Texas 77073, and as such, is within the jurisdiction of this Honorable Court and who may be served through its registered agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

B.)     **ALFREDO DIAZ ("DIAZ")**, a person of the full age of majority and a resident of El Campo, Texas, having his domicile address at 2527 Edward Road, Laredo, Texas 78046, and as such is within the jurisdiction of this Honorable Court and may be served at the above indicated address pursuant to the Louisiana Long Arm Statute.

C.)     **TCB BROKERAGE, INC. ("TCB")**, a foreign corporation having its principal place of business at 10420 Glades Cut Off Road, Port St. Lucie, Florida 34986, and as such, is within the jurisdiction of this Honorable Court and who may be served through its registered agent, Rick Massey, 10420 Glades Cut Off Road, Port Saint Lucie, Florida 34986;

D.)     **PROGRESSIVE EXPRESS INSURANCE COMPANY ("PROGRESSIVE")**, a foreign insurance company authorized to do and doing business with drivers who routinely travel Louisiana highways, with its principal place of business at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143, and as such, is within the jurisdiction of this Honorable Court and who may be served through its registered agent for service of process, Chief Financial Officer, 200 E. Gaines Street, Tallahassee, Florida 32399;

E.)     **JERAHMEL WALKER ("WALKER")**, a person of the full age of majority and a resident of Fort Pierce, Florida, having his domicile address at 3309 Avenue S Street, Fort Pierce, Florida 34947, and as such is within the jurisdiction of this Honorable Court and may be served at the above indicated address pursuant to the Louisiana Long Arm Statute.

3.

This cause of action arises as a result of an automobile accident occurring on January 25, 2016 on U.S. Hwy. 90 in Broussard, Lafayette Parish, Louisiana.

4.

On or about January 25, 2016, Complainant, Tyrone Anderson, was a guest passenger in a 2007 Freightliner tractor trailer ruck, Tennessee license plate number C5526HY, which truck was

being operated by defendant, Jerahmel Walker, and owned by defendant, TCB Brokerage, Inc., and was traveling in an easterly direction on U.S. Hwy. 90 in Broussard, Lafayette Parish, Louisiana.

5.

Upon information and belief, on or about January 25, 2016, Defendant, Diaz, was driving a 2006 Freightliner tractor trailer truck, Texas license plate number R090152, which said truck was owned by defendant, HDZ Transport, LLC and traveling in an easterly direction, in the center lane, on U.S. Hwy. 90 in Broussard, Lafayette Parish, Louisiana.

6.

Upon information and belief, on or about January 25, 2016, defendant, Diaz attempted a passing maneuver around the vehicle operated by defendant, Walker, wherein defendant, Diaz changed lanes to the far left lane and then attempted to change lane back into the center lane, when a portion of the trailer being hauled by defendant, Diaz, struck the driver's side of the truck operated by defendant, Walker, causing the accident in question.

7.

Due to his inattention, negligence and fault, defendant, Diaz, collided with the vehicle being driven by defendant, Walker, which resulted in injuries to complainant, Tyrone Anderson.

8.

Upon information and belief, on or about January 25, 2016, Defendant, Diaz, was employed and/or working and/or acting in the course and scope of his employment for Defendant, HDZ, and as such, HDZ is vicariously liable unto Complainant, Tyrone Anderson, for the negligence and/or fault of its employee, defendant, Diaz, under the doctrine of respondeat superior.

9.

Upon information and belief, on or about January 25, 2016, Defendant, Walker, was employed and/or working and/or acting in the course and scope of his employment for Defendant,

TCB, and as such, TCB is vicariously liable unto Complainant, Tyrone Anderson, for the negligence and/or fault of its employee, defendant, Walker, under the doctrine of respondeat superior.

10.

Upon information and belief, on or about January 25, 2016, the 2006 Freightliner tractor trailer truck, Texas license plate number R090152, was owned by defendant, HDZ, and which vehicle had in full force and effect, a policy of insurance, commonly known as an commercial automobile liability insurance policy and/or a general commercial liability insurance policy, which was insured through defendant, Commercial Alliance Insurance Company, in addition to other unknown insurance coverage(s) provided to Defendant, HDZ, and which provided automobile liability insurance coverage to the 2006 Freightliner tractor trailer truck, Texas license plate number R090152 in question, as well as to Defendant, Diaz, for the accident at issue, and, as such, is liable for any negligence and/or fault on the part of Defendant Diaz, in causing the accident at issue.

11.

Upon information and belief, on or about January 25, 2016, the 2007 Freightliner tractor trailer ruck, Tennessee license plate number C5526HY, was owned by defendant, TCB, and which vehicle had in full force and effect, a policy of insurance, commonly known as an commercial automobile liability insurance policy and/or a general commercial liability insurance police, which was insured through defendant, Progressive Express Insurance Company, in addition to other unknown insurance coverage(s) provided to Defendant, TCB, and which provided automobile liability insurance coverage to the 2007 Freightliner tractor trailer ruck, Tennessee license plate number C5526HY in question, as well as to Defendant, Walker, for the accident at issue, and, as such, is liable for any negligence and/or fault on the part of Defendant, Walker, in causing the accident at issue.

12.

Defendants, Diaz, HDZ, Walker and TCB, are strictly liable unto Complainant, Tyrone Anderson, pursuant to Louisiana Civil Code Article 2315, *et seq*.

13.

Additionally, Defendants, Diaz, HDZ, Walker and TCB, are strictly liable unto Complainant, Tyrone Anderson, pursuant to Louisiana Civil Code Article 2320.

14.

Defendant, Diaz, was negligent and/or fault in causing this accident and Complainant's injuries, which negligence includes, but is not limited to the following acts to-wit:

- A.) Negligently being inattentative;
- B.) Negligently failing to maintain a proper lookout;
- C.) Negligently operating his vehicle in a wreckless and careless manner;
- D.) Negligently failing to yield for traffic traveling on U.S. Hwy. 90;
- E.) Negligently colliding with the vehicle Complainant was occupying;
- F.) Negligently failing to take evasive action in order to avoid a collision with the vehicle being occupied by Complainant, Tyrone Anderson;
- G.) Failing to see what he should have seen and/or do what he should have done under the circumstances in order to avoid this accident; and,
- H.) Any and all other acts of negligence and/or fault which may be shown at the trial of this matter.

15.

Defendant, Walker, was negligent and/or fault in causing this accident and Complainant's injuries, which negligence includes, but is not limited to the following acts to-wit:

- A.) Negligently being inattentative;
- B.) Negligently failing to maintain a proper lookout;

C.) Negligently operating his vehicle in a wreckless and careless manner;

D.) Negligently failing to yield for traffic traveling on U.S. Hwy. 90;

E.) Negligently colliding with defendant, Diaz's vehicle;

F.) Negligently failing to take evasive action in order to avoid a collision with the defendant, Diaz's vehicle;

G.) Failing to see what he should have seen and/or do what he should have done under the circumstances in order to avoid this accident; and,

H.) Any and all other acts of negligence and/or fault which may be shown at the trial of this matter.

16.

As a result of the negligence and/or fault of Defendants, Diaz, HDZ, Walker and TCB, Complainant, Tyrone Anderson, suffered and sustained serious and significant injuries to his lower back and body as a whole, and as such, is entitled to such damages as are reasonable under the premises.

17.

As a result of the injuries sustained in the January 25, 2016 accident, Complainant, Tyrone Anderson, suffered damages, including, but not limited to the following:

A.) Past medical expenses;

B.) Future medical expenses;

C.) Past lost earnings;

D.) Future loss of earning capacity;

E.) Past and future physical pain and suffering;

F.) Past and future mental and emotional anguish;

G.) Past and future disability;

H.) Past and future of enjoyment of life;

I.) Other such damages as may be proven at the trial of this matter.

18.

As a result of the accident occurring on January 25, 2016, Complainant, Tyrone Anderson, has suffered and sustained damages to his lumbar spine, which has necessitated medical treatment and, will continue to need medical treatment, and as such, Complainant would submit that, as a result of the accident in question, his damages are in excess of $75,000.00, exclusively of interest and costs.

19.

**WHEREFORE**, Complainant, **TYRONE ANDERSON**, prays for a judgment in his favor, and against Defendants, **HDZ TRANSPORT, LLC, COMMERCIAL ALLIANCE INSURANCE COMPANY, ALFREDO DIAZ, TCB BROKERAGE, INC., PROGRESSIVE EXPRESS INSURANCE COMPANY AND JERAHMEL WALKER**, for such damages as are reasonable under the premises, together with legal interest from the date of judicial demand until paid, and that Defendants be required to pay all costs for these proceedings, as well as any and all additional and/or alternative relief as the law, equity or nature of the case may allow.

Respectfully submitted:

BY:   s/ JOSEPH F. GAAR, JR.
      JOSEPH F. GAAR, JR. (#16927)
      JASON M. WELBORN (#26548)
      LUCAS S. COLLIGAN (#31761)
      JACOB H. HARGETT (#32490)
      617 S. Buchanan Street
      Lafayette, Louisiana 70501
      Telephone: (337) 233-3185
      Facsimile:  (337) 233-0690
      **Attorneys for Plaintiff,**
      **TYRONE ANDERSON**

**PLEASE SERVE:**

**HDZ TRANSPORT, LLC**
through its registered agent
Raymond Hernandez
629 Angela Drive
Laredo, Texas 78046

**COMMERCIAL ALLIANCE INSURANCE COMPANY**
through its registered agent for service of process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

**ALFREDO DIAZ**
via Louisiana Long Arm Statute
2527 Edward Road
Laredo, Texas 78046

**TCB BROKERAGE, INC.**
through its registered agent
Rick Massey
10420 Glades Cut Off Road
Port Saint Lucie, Florida 34986

**PROGRESSIVE EXPRESS INSURANCE COMPANY**
through its registered agent for service of process
Chief Financial Officer
200 E. Gaines Street
Tallahassee, Florida 32399

**JERAHMEL WALKER**
3309 Avenue S Street
Fort Pierce, Florida 34947